Per A. Ramfjord, OSB No. 934024
per.ramfjord@stoel.com
Brad S. Daniels, OSB No. 025178
brad.daniels@stoel.com
Crystal S. Chase, OSB No. 093104
crystal.chase@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone: 503.224.3380
Facsimile:  503.220.2480

*Attorneys for Defendants J.H. Baxter & Co.,
J.H. Baxter & Co., Inc., and Jeanne Olson*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TIFFANY BELL-ALANIS; SHARON MATTHEWS; ERIN NEEL; and SARAH PEDERSEN,<br><br>           Plaintiffs,<br><br>     v.<br><br>J.H. BAXTER & CO., a California limited partnership; J.H. BAXTER & CO, INC., a California corporation; and JEANNE OLSON,<br><br>           Defendants. | Case No.:  6:21-cv-00885<br><br>DEFENDANTS' NOTICE OF REMOVAL<br><br>(28 U.S.C. § 1332(d))<br><br>(Lane County Circuit Court Case No. 21CV19874) |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON, EUGENE DIVISION, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE Pursuant to 28 U.S.C. §§ 1332(a), (d)(2), 1441, 1446, and 1453, Defendants J.H. Baxter & Co., a California Limited Partnership ("J.H. Baxter & Co."); J.H. Baxter & Co., Inc.; and Jeanne Olson ("Defendants") file this Notice of Removal to remove this putative class action, and all claims and causes of action therein, from the Circuit Court for the State of Oregon for Lane County to the United States District Court for the District of Oregon, Eugene Division. Defendants state as follows in support of their removal on the basis of federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), as follows:

## INTRODUCTION

1. On May 11, 2021, Plaintiffs Tiffany Bell-Alanis, Sharon Matthews, Erin Neel, and Sarah Pedersen ("Plaintiffs") commenced the action entitled *Tiffany Bell-Alanis et al. v. J.H. Baxter & Co., Inc. et al.*, Case No. 21-CV-19874, in the Circuit Court for the State of Oregon for Lane County. The Complaint alleges, on behalf of a putative class, that Defendants negligently, recklessly, knowingly, and intentionally released toxic chemicals and noxious odors into the environment from a manufacturing facility located at 3494 Roosevelt Boulevard in Eugene, Oregon. Compl. ¶ 1. Plaintiffs allege that they and similarly situated individuals suffered adverse health consequences and harm to their properties as a result of those releases and bring claims on behalf of themselves and the putative class for nuisance, trespass, and negligence. Compl. ¶¶ 1, 46-66. Plaintiffs seek class certification under Oregon Rule of Civil Procedure ("ORCP") 32, Oregon's counterpart to Federal Rule of Civil Procedure ("FRCP") 23, and define the putative

class as all individuals who have resided within an approximate four-mile radius of Defendants' manufacturing facility in the last two years. Compl. ¶¶ 24-26. Plaintiffs specifically allege that the putative class exceeds 100 persons. Compl. ¶ 32. Plaintiffs pray for damages in the amount of $750,000,000. Compl. at p. 1; *see also* Compl. ¶¶ 32 69.

2. The Summons and Complaint were served on Defendants J.H. Baxter & Co. and J.H. Baxter & Co., Inc. (collectively, the "Baxter Entities") and Jeanne Olson ("Defendant Olson" or "Ms. Olson") on May 18, 2021. *See* Ex. A. This notice of removal is timely under 28 U.S.C. § 1446(b) because it has been filed within 30 days after Defendants were served. Defendants have not yet answered or otherwise responded to Plaintiffs' Complaint.

3. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all the process, pleadings, and orders received in this action to date are attached as **Exhibit A**.

4. Eleven days *before* Plaintiffs filed their Complaint, a separate group of plaintiffs (the "Federal Plaintiffs") filed a nearly identical putative class action in the United States District Court for the District of Oregon entitled *Miles Hart et al. v. J.H. Baxter & Co., Inc. et al.*, Case No. 6:21-cv-00663-MK (the "Federal Class Action"). The two primary defendants in this case—the Baxter Entities—are also named as defendants in the Federal Class Action. A true and correct copy of the complaint in the Federal Class Action ("Federal Compl.") is attached as **Exhibit B**.

5. Like this case, the complaint in the Federal Class Action alleges, on behalf of a putative class, that the defendants illegally released contaminants, noxious odors, and particulate emissions into the environment from a manufacturing facility located at 85 Baxter Street/3494 Roosevelt Boulevard in Eugene, Oregon. Federal Compl. ¶¶ 1-2. The Federal Plaintiffs seek class certification under FRCP 23 and define the putative class as individuals who have lived within a 1.5-mile radius of the defendants' manufacturing facility. Federal Compl. ¶ 55. The

Federal Plaintiffs allege that they and similarly situated individuals suffered adverse health consequences and harm to their properties as a result of the contaminates and noxious odors emanating from the facility.  Federal Compl. ¶ 2.  The Federal Plaintiffs bring claims on behalf of themselves and the putative class for trespass, public and privative nuisance, negligence, and gross negligence.  Federal Compl. ¶¶ 65-113.

## GROUNDS FOR REMOVAL

6. Removal is proper pursuant to 28 U.S.C. §§ 1332, 1441, and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Defendants pursuant to CAFA, 28 U.S.C. § 1332(d).

7. CAFA grants jurisdiction to federal courts over civil class actions if (1) "the matter in controversy exceeds the sum or value of $5,000,000," (2) the aggregate number of proposed class members is 100 or more, (3) any class member is a citizen of a state different from any defendant, and (4) the defendants are not states, state officials, or other government entities.  28 U.S.C. § 1132(d).  If the above requirements are met, federal jurisdiction exists unless a recognized exception applies.

8. Defendants deny that Plaintiffs are entitled to any relief whatsoever.  For purposes of meeting the jurisdictional requirements for removal, however, Defendants submit that each requirement for federal jurisdiction under CAFA exists.

A. **This Case is a "Class Action" as Defined by CAFA.**

9. For purposes of CAFA, a "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1132(d)(1)(B).  Here, Plaintiffs file this action under ORCP 32, which, like FRCP 23,

authorizes an action to be brought by one or more representative persons as a class action. Accordingly, this case satisfies CAFA's definition of a "class action."

**B.    The Amount in Controversy Exceeds $5,000,000.**

10.    The amount in controversy exceeds the $5,000,000 threshold. As discussed, CAFA gives federal courts original jurisdiction over class actions if the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(5). To determine whether a matter exceeds that amount, the "claims of the individual class members must be aggregated." 28 U.S.C. § 1332(d)(6). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Court recognized that "as specified in § 1146(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal jurisdiction. *Id.* at 553. In determining the amount in controversy, the court examines the "amount at stake," which "does not mean likely or probable liability; rather, it refers to possible liability." *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020).

11.    Here, there can be no dispute that the amount in controversy exceeds $5,000,000. Although Plaintiffs do not allege an amount in controversy in their Prayer for Relief, the Complaint's caption specifically alleges that the prayer amount is $750,000,000.00. Further, Plaintiffs seek property damages of $75,000 for each class member owning a home, testing and remediation damages of $100,000 for each class member owning a home, and $15,000 in nuisance damages for each class member. Plaintiffs expressly allege that "the number of properties located within the Class Area exceeds 100." Compl. ¶ 32. Plaintiffs also concede that the proposed "Class Area" encompasses "an area that covers more than half the population of

Eugene," Compl. ¶ 22, a city with a population of over 160,000 people. Accordingly, when aggregated the amount at stake in the underlying litigation easily exceeds $5,000,000. Therefore, CAFA's amount-in-controversy requirement is satisfied.

### C.     The Class Exceeds 100 Putative Members.

12.     The proposed class exceeds 100 putative members. CAFA only applies to class actions where "the number of members of all proposed plaintiff classes in the aggregate" exceeds 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiffs specifically allege that the proposed class consists of over 100 members. *See* Compl. ¶ 32 ("The number of properties located within the Class Area exceeds 100 and, therefore, the number of members of the class also exceeds 100 people[.]"). Therefore, the proposed class exceeds the minimum number of putative members.

### D.     Minimal Diversity Exists.

13.     CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). For purposes of diversity, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries Ltd.*, 704 F.2d 1088 (9th Cir. 1983). A natural person's domicile is the place where he or she resides with the intention to remain, or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A corporation is considered to be a citizen of both the state of incorporation and the state where it operates its principal place of business. *3123 SMB LLC v. Horn*, 880 F.3d 461, 462-63 (9th Cir. 2018). A corporation's principal place of business is generally where it maintains its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010). By contrast, a partnership is a citizen of each state in which its partners are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

14. Here, the putative class members are all citizens of Oregon. Defendant Olson is also a citizen of Oregon. However, Defendant J.H. Baxter & Co., Inc. is a corporation that is both incorporated in and operates its headquarters, or principal place of business, from California. *See* Compl. ¶ 8. Defendant J.H. Baxter & Co. is a California limited partnership, *see* Compl. ¶ 7, whose only general partner, J.H. Baxter & Co., Inc. is a citizen of California, and whose limited partners are citizens of Washington, California, and Florida. *See* J.H. Baxter & Co., Inc. Corp. Discl. Statement. As such, Defendant J.H. Baxter & Co. is a citizen of California, Washington, and Florida. Accordingly, because the Baxter Entities are citizens of a different state from one or more putative plaintiffs, minimal diversity exists.

E.  **Defendants are Not States, Government Entities, or Government Officials.**

15. CAFA does not apply to class actions where the "primary defendants are States, States officials, or other governmental entities." 28 U.S.C. § 1332(d)(5)(B). Here, Defendant Olson is an individual, and Defendants J.H Baxter & Co. and J.H Baxter & Co., Inc. are private business entities. Therefore, none of the Defendants are states, state officials, or government entities.

F.  **No Exception to CAFA Applies.**

16. Finally, no exception to CAFA applies. There are three recognized exceptions to CAFA that are relevant here: (1) the home-state exception, (2) the interests-of-justice exception, and (3) the local controversy exception.

1.  **The Home-State and Interests-of-Justice Exceptions Do Not Apply.**

17. Neither the home-state exception nor the interests-of-justice exception applies here. For the home-state or interests-of-justice exception to apply, ***all*** of the "primary defendants" must be citizens of the state where the action is filed. 28 U.S.C. §§ 1332(d)(4)(B); 28 U.S.C. § 1332(d)(3)(A)-(F); *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1068 (9th Cir. 2019). A

"primary defendant" is a defendant that has a dominant relation to the subject matter of the controversy and stands to be directly liable to the plaintiffs, "as opposed to being vicariously or secondarily liable." *Singh*, 925 F.3d at 1068.

18. Here, Defendants J.H Baxter & Co. and J.H Baxter & Co., Inc. are primary defendants. Plaintiffs allege that they are directly responsible on each claim for relief for emitting toxic chemicals and noxious odors into the environment. Neither J.H Baxter & Co. nor J.H Baxter & Co., Inc. is, however, a citizen of Oregon, the state where the action is filed. Therefore, the home-state and interests-of-justice exceptions do not apply.

### 2. The Local Controversy Exception Does Not Apply.

19. The local controversy exception also does not apply to this case. In order for the local controversy exception to apply, at least one defendant from whom the class members are seeking "significant relief," and whose conduct "forms a significant basis" for the proposed class's claims, must be a citizen of the state where the action was filed. 28 U.S.C. §§ 1332(d)(4)(A)(i). Further, no other similar class action must have been filed against any of the defendants in the three years before filing the action. 28 U.S.C. §§ 1332(d)(4)(A)(ii). Neither of these requirements is met here.

#### a. Ms. Olson Does Not Qualify as "Significant" Defendant.

20. First, only one of the named defendants, Ms. Olson, is a citizen of Oregon, the state where the action was filed. And Ms. Olson's conduct does not form a "significant basis" for the claims at issue. The Ninth Circuit applies a comparative approach to determine whether conduct of an in-state defendant renders them a "significant" defendant for purposes of the local controversy exception. *Allen v. Boeing Co.*, 821 F.3d 1111, 1121 (9th Cir. 2016). Under this approach, the conduct of the in-state defendant is compared to the conduct of all defendants.

*Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1118 (9th Cir. 2015).  And "significant" is given its plain and ordinary meaning: "'important, notable.'" *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1157 (C.D. Cal. 2010), *aff'd sub. Nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011) (internal citation omitted).  Thus, "'[t]he local defendant's alleged conduct must be an *important* ground for the asserted claims in view of the alleged conduct of all the [d]efendants.'" *Id.* (emphasis in original; internal citation omitted).

21.     Under this approach, courts in the Ninth Circuit have held that an in-state defendant is not significant where the in-state defendant is not alleged to have any control over the policies and practices at issue, the violations were a direct result of the out-of-state defendant's actions, and the in-state defendant was not responsible for the practices and policies at issue.  *Evangelista v. Just Energy Mktg. Corp.*, No. SACV1702270CJCSSX, 2018 WL 1773628, at *4 (C.D. Cal. Apr. 12, 2018).

22.     Similarly, where the in-state defendants were merely local agents, were alleged only to have implemented the policy at issue, and were not alleged to be responsible for the policy that led to violations, courts have held that a defendant is not significant for purposes of the local controversy exception.  *See Christmas v. Union R.R. Co.*, No. CV15-02612-AB-(PLAX), 2015 WL 5233983, at *5 (C.D. Cal. Sept. 8, 2015); *Clark v. WorldMark, The Club*, No. 118CV01661LJOJLT, 2019 WL 1023887, at *5 (E.D. Cal. Mar. 4, 2019); *see also Busker v. Wabtec Corp.*, 750 F. App'x 522 (9th Cir. 2018) (holding that the local controversy exception did not apply where there were no allegations that the in-state defendant "acted independently from the other defendants as a principal wrongdoer.").

23.     Ms. Olson is not a significant defendant.  Plaintiffs allege only that Defendant Olson is the "plant manager" and that, by virtue of her position, she is responsible for the health,

safety, and environmental operations of the plant. Compl. ¶ 10. There are no allegations that she is responsible for the policies that led to the violations at issue. At best, Plaintiffs allege that Defendant Olson "makes oversight and staffing decisions for how to safely and responsibly staff and manage the wood treatment operations at the Plant." Compl. ¶ 10. But Plaintiffs do not allege that Defendant Olson did anything more than implement oversight and staffing decisions required by her employer, the Baxter Entities. Nor is there anything to suggest that she acted independently from the other defendants such that she is a principal wrongdoer. In fact, Defendant Olson is only mentioned five times in the Complaint, and not once is there a suggestion that she acted outside of her relationship as an employee of the Baxter Entities. Therefore, Defendant Olson's "sole alleged conduct was undertaken as an agent of [the Baxter Entities]," who are "the real target of [this] action." *Busker*, 750 Fed. App'x at 524. As such, the local controversy exception does not apply.

        **b.**      **A Similar Class Action was Previously Filed in the District of Oregon.**

24. The local controversy exception also does not apply because a similar class action was previously filed and is currently pending in the District of Oregon. As discussed, the local controversy exception does not apply if a similar class action has been filed in the three years preceding the filing of the class action against "any of the defendants." 28 U.S.C. §§ 1332(d)(4)(A)(ii). Here, eleven days *before* Plaintiffs filed this state-court class action, the Federal Class Action was filed in federal court in the District of Oregon. The Federal Class Action stems from the same alleged conduct, seeks to recovery under similar legal theories, and the Baxter Entities are named defendants in both cases. Accordingly, this action and the Federal Class Action are similar and involve two of the same defendants. Consequently, the local controversy exception does not apply. *See Davenport v. Lockwood, Andrews & Newman, Inc.*, 854 F.3d 905 (6th Cir.

2017) (finding that the local controversy exception did not apply where state-court action was filed after federal class actions that stemmed from the same alleged conduct and involved some of the same defendants); *Martinez v. Darden Restaurants, Inc.*, No. CV 15-3434-GW(GJSX), 2015 WL 4480658 (C.D. Cal. July 22, 2015) (similar class action against defendants in another state court action precluded application of the local controversy exception).

### REMOVAL COMPLIES WITH 28 U.S.C. §§ 1441 AND 1446

25. The instant action is properly filed in the United States District Court for the District of Oregon, Eugene Division, pursuant to 28 U.S.C. § 1141(a) and Local Rule 3-2(a)(1) because the Complaint was filed in the Circuit Court for the County of Lane.

26. Pursuant to 28 U.S.C. § 1446(d), upon the filing of this Notice of Removal, Defendants shall promptly serve written notice thereof to Plaintiffs, and Defendants shall file copies of the Notice of Removal with the Clerk of the Circuit Court of the State of Oregon for the County of Lane in accordance with 28 U.S.C. § 1446(d).

27. By filing this Notice of Removal, Defendants do not waive, and expressly reserve, any and all defenses, affirmative defenses, and counterclaims that may be available to it.

WHEREFORE, Defendants remove the above-captioned action now pending against it in the Circuit Court of the State of Oregon for the County of Lane to the United States District Court for the District of Oregon, where it shall proceed as an action originally commenced therein.

DATED: June 11, 2021.

STOEL RIVES LLP

*s/ Per A. Ramfjord*
PER A. RAMFJORD, OSB No. 934024
per.ramfjord@stoel.com
BRAD S. DANIELS, OSB No. 025178
brad.daniels@stoel.com
CRYSTAL S. CHASE, OSB No. 093104
crystal.chase@stoel.com

*Attorneys for Defendants J.H. Baxter & Co., J.H. Baxter & Co, Inc., and Jeanne Olson*

Page - 11 -   DEFENDANTS' NOTICE OF REMOVAL

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANTS' NOTICE OF REMOVAL** on the following named person(s) on the date indicated below by

☒ mailing with postage prepaid

☐ hand delivery

☒ Via CM/ECF (*if registered*)

☐ overnight delivery

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

| | |
|---|---|
| Derek C. Johnson<br>djohnson@justicelawyers.com<br>Leslie W. O'Leary<br>loleary@justicelawyers.com<br>JOHNSON JOHNSON LUCAS, et al.<br>975 Oak Street, Suite 1050<br>Eugene, OR  97401-3124<br>Telephone:  (541) 484-2434 | Christopher T. Nidel<br>chris@nidellaw.com<br>Jonathan Nace<br>jonathan@nidellaw.com<br>NIDEL & NACE, PLLC<br>2201 Wisconsin Avenue, NW, Suite 200<br>Washington, DC  20007<br>Telephone:  (202)780-5153 |
| Christopher Gadoury<br>chris.gadoury@lanierlawfirm.com<br>THE LANIER LAW FINN PC<br>10940 W. Sam Houston Pkwy N.<br>Suite 100<br>Houston, Texas  77064<br>Telephone:  (713) 659-5200 | Jonathan Weissglass<br>jonathan@weissglass.com<br>LAW OFFICE OF JONATHAN WEISSGLASS<br>1939 Harrison Street, Suite 150-B<br>Oakland, CA  94612<br>Telephone:  (510) 836-4200 |

DATED:  June 11, 2021.

STOEL RIVES LLP

*s/ Per A. Ramfjord*
PER A. RAMFJORD, OSB No. 934024
Telephone:  (503)-224-3380

*Of Attorneys for Defendants*

Page 1   -   CERTIFICATE OF SERVICE