1  Derek C. Johnson, OSB No 882340
   djohnson@justicelawyers.com
2  Leslie W. O'Leary, OSB No. 990908
   loleary@justicelawyers.com
3  **JOHNSON JOHNSON LUCAS & MIDDLETON, P.C.**
   975 Oak St., Suite 1050
4  Eugene, OR 97401-3124
   Telephone: (541) 484-2434
5  Facsimile: (541) 484-0882

6  Of Attorneys for Plaintiffs

7           **IN THE CIRCUIT COURT OF THE STATE OF OREGON**

8                     **FOR THE COUNTY OF LANE**

9  **TIFFANY BELL-ALANIS, SHARON**          )   Case No.:
   **MATTHEWS, ERIN NEEL, and SARAH**        )
10 **PEDERSEN,**                              )   **COMPLAINT**
                                              )   (Class Action for Personal Injury/Property
11                        Plaintiffs,         )   Damage Resulting from Nuisance, Trespass,
                                              )   and Negligence)
                                              )
12            v.                              )   **DEMAND FOR JURY TRIAL**
                                              )
13 **J. H. BAXTER & CO, a California**         )   Prayer Amount: $750,000,000.00
   **Limited Partnership, and J.H. BAXTER**  )   Fee - $1,178  ORS 21.160(1)(e)
14 **& CO, INC., a California Corporation,**  )
   **and JEANNE OLSON,**                      )   **CLAIM NOT SUBJECT TO**
15                        Defendants.         )   **MANDATORY ARBITRATION**
                                              )

16      Plaintiffs allege:

17                          **INTRODUCTION**

18                               1.

19      This is a class action arising from defendants' negligent, reckless, knowing, and

20 intentional release of carcinogenic and poisonous chemicals and noxious odors into the

21 environment from a manufacturing facility located at 3494 Roosevelt Boulevard in Eugene (the

22 "Plant" or "Baxter Plant"). The Plant is centered in a residential area where people live, work,

23 and play. The releases at issue have a significant effect on the wellbeing and health of the

24 surrounding community, have interfered with the ability of residents to use and enjoy their

Page 1 -- **CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

1 properties, and have diminished the value of those properties in the surrounding community

2 causing significant and irreparable injury.

3 **PARTIES**

4 2.

5 Plaintiff Tiffany Bell-Alanis is an Oregon citizen who resides in Lane County, Oregon.

6 Plaintiff resides at 2075 Laurelhurst Drive in Eugene, Oregon.

7 3.

8 Plaintiff Sharon Matthews is an Oregon citizen who resides in Lane County, Oregon.

9 Plaintiff resides at 3224 Coraly Avenue in Eugene, Oregon.

10 4.

11 Plaintiff Erin Neel is an Oregon citizen who resides in Lane County, Oregon. Plaintiff

12 resides at 3831 Cross Street in Eugene, Oregon.

13 5.

14 Plaintiff Sarah Pedersen is an Oregon citizen who resides in Lane County, Oregon.

15 Plaintiff resides at 124 Crocker Lane in Eugene, Oregon.

16 6.

17 All Plaintiffs have been adversely affected by the operations of the Baxter Plant as

18 described in more detail below.

19 7.

20 Defendant J.H. Baxter & Co., a California Limited Partnership, is a California

21 partnership registered to do business in the State of Oregon.  J.H. Baxter & Co., a California

22 Limited Partnership can be served through its registered agent, C T Corporation System at 780

23 Commercial Street, Suite 100, Salem, Oregon 97301.

24

Page 2 –**CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

8.

Defendant J.H. Baxter & Co., Inc., is a California Corporation registered to do business in the State of Oregon.  J.H. Baxter & Co., Inc., a California Corporation, can be served through its registered agent, C T Corporation System at 780 Commercial Street, Suite 100, Salem, Oregon 97301.

9.

Defendants J.H. Baxter & Co., Inc., a California Corporation, and J.H. Baxter & Co., a California Limited Partnership, are hereinafter collectively referred to as "Baxter."  Baxter engages in the treatment of wood products in Lane County using noxious and poisonous chemicals including creosote, fuel oil, pentachlorophenol and AZCA (ammoniacal copper zinc arsenate), which are released into the environment and surrounding community.

10.

Defendant Jeanne Olson is a citizen of Oregon and resided in Lane County at all relevant times. Ms. Olson is the Plant Manager for the Baxter Plant. As Plant Manager, Ms. Olson is responsible for the health, safety and environmental operations of the Plant and makes oversight and staffing decisions for how to safely and responsibly staff and manage the wood treatment operations at the Plant.

## JURISDICTION & VENUE

11.

Jurisdiction is proper in this Court. ORS 14.030. The relief sought is within the jurisdictional limits of this Court. The Court has personal jurisdiction over defendant Olson because she is an Oregon citizen. The Court has personal jurisdiction over Baxter because it has and continues to conduct regular and sustained business activity in Oregon and committed the torts alleged herein in the State of Oregon.

Page 3 –**CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

12.

Venue is proper in this Court because at least one defendant resides in Lane County and the causes of action arose in Lane County. ORS 14.080.

**FACTUAL ALLEGATIONS**

13.

Baxter operates a wood treatment plant on Roosevelt Avenue in Eugene, Oregon. This operation focuses around 5 "retorts" (Retort #81, Retort #82, Retort #83, Retort #84, and Retort #85), which are huge horizontal cylindrical tanks used for the chemical treatment of wood at the Plant.

14.

Lumber is loaded into the retort, the retort is closed, and chemicals are added to the retort under pressure in order to treat or impregnate the wood with these treatment chemicals.  The treatment chemicals include creosote, heavy fuel oil, pentachlorophenol, and the heavy-metal based AZCA treatment.

15.

After charging the retort with chemicals, the retort is pressurized and maintained for sufficient time to allow for treatment of the wood. After this, the retort needs to be vented and the chemical removed from the retort so that the treated wood can then be removed and stored for sale.

16.

The residual chemicals released from the retort need to be vented and removed. There are a number of operational and mechanical safeguards that could be used. Some of them are in place at the Plant, to treat, strip, reduce, and otherwise limit the release of those chemicals from the wood treatment processes at the Plant.

Page 4 –**CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

17.

However, due to production demands, staffing, equipment limitations and maintenance failures, safeguards either do not exist, are ineffective, or are bypassed, resulting in the emission of carcinogenic and poisonous chemicals and noxious odors into the surrounding community.

18.

In addition, Baxter has been engaged in an intentional and unlawful process of disposing of its hazardous waste streams by charging them into the retorts and sending the hazardous wastes that they generate into the community as vapors that can poison them. This reprehensible behavior involved using the retorts as a way to make their hazardous wastes "disappear," by vaporizing them and sending them out into the community. This process of poisoning the community occurred for over ten-years. A recent DEQ inspection concluded the following about this process:

> POST-INSPECTION UPDATE: Based on a combination of JHB's written response and interviews with current and former employees, it appears the practice of evaporating process wastewater in the wood treatment retorts occurred seasonally for over 10 years and most recently between March and October 2019, when the facility was without an operating dedicated WWTU evaporator. During this period, retorts 81, 82, and/or 85 were used to evaporate process wastewater at least on a monthly basis but likely more frequently. On a number of occasions, process wastewater was extracted directly from the southern tank farm secondary containment and placed in the retort for evaporation without treatment.
>
> JHB indicated in their response that Baxter "relied on institutional knowledge to evaporate treated process water from retort 81" and that a hazardous waste determination was not conducted prior to evaporation within the retort. Furthermore, JHB suggested that wastewater was only evaporated in retort 81 and that this same evaporated wastewater was subject to the wastewater treatment unit exemption since the retort was acting as an evaporator while the on-site evaporator was not functioning.

19.

The wastes that were vaporized into the community contain poisonous and carcinogenic chemicals as well as toxic and carcinogenic heavy metals such as arsenic.

Page 5 - **CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

20.

Because of its repeated pattern of violating state and federal environmental laws, Baxter has been designated to be a Significant Non-Complier ("SNC") by the Oregon DEQ.

21.

As a direct and proximate result of the operation of the Plant, carcinogenic and poisonous chemicals have been regularly released from the Plant into the air and groundwater adversely impacting and injuring the surrounding community. Complaints about odors from the Plant are maintained by the Lane Regional Air Protection Agency ("LRAPA") and provide some documentation of the impact that the operation of the Plant has had on the surrounding community. For example, during the period between October 6 and November 25, 2019, there were over 100 complaints reported to LRAPA regarding noxious odors and impacts from the Baxter Plant.

22.

These complaints come from residents spanning an area that covers more than half the population of Eugene, an area with a radius approximately 4-miles from the Baxter Plant. The map below shows the location of these and other recent complaints regarding Baxter based on information provided by LRAPA.

23.

The Plant operates under the common law of the State of Oregon and under permit number 200502, a permit issued by LRAPA. This permit imposes multiple maintenance and performance standards as well as emissions limits. The permit also prohibits Baxter from allowing its air contaminants "to cause nuisance."

## CLASS ALLEGATIONS

24.

This Class Action is being filed by the Plaintiffs pursuant to Oregon Rule of Civil Procedure 32.

25.

Plaintiffs seek to certify the following class, defined as:

1

**JH Baxter Class (the "Class"):** Any and all persons who, from the period starting two years before the complaint is filed to the present, resided within the Class Area depicted in the map in the following paragraph as defined by an approximate 4-mile radius of the Baxter Plant.

2

3

4

26.

5

A map of the "Class Area" is shown below (outlined in black):

6

7

8

9

10



11

12

13

14

15

16

27.

17

To the extent revealed by discovery and investigation, the above Class Area may expand

18

or narrow to fit the facts identified.

19

28.

20

To the extent revealed by discovery and investigation, there may be additional

21

appropriate classes and/or subclasses that are broader or narrower in time or scope of exposure.

22

23

24

29.

Excluded from the class are defendants' officers, directors, agents, employees and members of their immediate families; and the judicial officers to whom this case is assigned, their staff, and the members of their immediate families.

30.

This Court may maintain these claims as a Class Action pursuant to ORCP 32(A) and (B).

31.

Numerosity – Rule 32(A)(1): The members of the class are so numerous that joinder of all members is impractical.

32.

The number of properties located within the Class Area exceeds 100 and, therefore, the number of members of the class also exceeds 100 people, in satisfaction of Rule 32(A)(1).

33.

Commonality – Rule 32(A)(2): There are common questions of law and fact that affect the rights of every member of the class, and the types of relief sought are common to every member of the class.  The same conduct by defendants has injured or will injure every member of the class.

34.

Typicality – Rule 32(A)(3): The claims of Plaintiffs are typical of the claims of the class as required by Rule 32(A)(3), in that all claims are based upon the same factual and legal theories. The principal issues in this matter involve defendants' conduct in wrongfully handling, releasing, and discharging Plant contaminants and by-products as well as the reckless and negligent management of the Baxter Plant, which impact all class members.

35.

Adequacy – Rule 32(A)(4): Plaintiffs will fairly and adequately represent and protect the interests of the class members, as required by Rule 32(A)(4).   Plaintiffs have retained counsel with substantial experience in the prosecution of class actions and lawsuits involving the release of hazardous substances throughout the country.   Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the class, and they have the financial resources to do so.   Neither Plaintiffs nor counsel has any interest adverse to those of the class or its members.

36.

A class action would conserve the resources of the courts and the litigants and is superior to other available methods for the fair and efficient adjudication of the controversy, in satisfaction of Rule 32(B).  The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. This Court may maintain these claims as a Class Action pursuant to Rule 32, including particularly Rule 32(B)(1), (2), (3), and (8).

37.

Class certification is appropriate pursuant to Rule 32(B)(1)(a) because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants and/or because adjudications respecting individual members of the class would, as a practical matter, be dispositive of the interests of the other members or would risk substantially impairing or impeding their ability to prosecute their interests.

38.

Class certification is appropriate pursuant to Rule 32(B)(2) because defendants have acted or refused to act on grounds generally applicable to all members of the class, thereby

Page 10 –**CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

making relief in the form of an injunction and the implementation of adequate staffing, maintenance, installation, and/or repairs to prohibit the release of chemicals resulting in unreasonable impacts on the class members appropriate for the entire class.

39.

Class certification is appropriate pursuant to Rule 32(B)(3) because at least the following questions of law and fact are common to the class and predominate over any questions affecting only individual class members:

a.   Whether defendants discharged, or permitted to be discharged, or were otherwise responsible for the discharge of Plant contaminants into the Class Area;

b.   Whether defendants are negligent in their storing, containing, handling, treating, remediating or using and disposing of hazardous and noxious substances, including but not limited to Plant contaminants resulting in impacts within the Class Area;

c.   Whether defendants, through their respective acts or omissions, proximately caused noxious odors, loss of use and enjoyment, and diminishment to the use and value of property due to Plant contaminants and related hazardous substances that were released into the Class Area;

d.   Whether defendants, through their acts or omissions, deprived class members of the free and reasonable use and enjoyment of their properties due to the contamination of neighboring properties in the Class Area; and

e.   Whether class members, through defendants' acts, omissions and/or releases have suffered damages, including but not limited to economic damages.

40.

Class certification is appropriate pursuant to Rule 32(B)(8) because, absent a class action, most members of the class likely would find the cost of litigating their claims to be prohibitive in comparison to the amounts at issue.

Page 11 –**CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

41.

Plaintiffs and the class members have suffered, and will continue to suffer, harm and damages as a result of defendants' unlawful and wrongful conduct, including but not limited to the continued discharge or release of hazardous substances into the Class Area.

42.

Class certification is also appropriate because this Court can designate particular claims or issues for class-wide treatment and may designate one or more subclasses.

43.

Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the class who has suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all members of such class.

44.

No unusual difficulties are likely to be encountered in the management of this action as a class action.

45.

Pursuant to Rule 32(H), on February 18, 2021, plaintiffs, through their counsel, notified defendants of the causes of action alleged in this complaint and demanded that the wrongs be corrected. The notice was sent by registered mail, return receipt requested, to 3494 Roosevelt Boulevard, Eugene, Oregon 97402, and to C T Corporation System, 780 Commercial Street, Suite 100, Salem, Oregon 97301. The return receipts show that the notice was received on February 22, 2021.

Page 12 – **CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

## **FIRST CLAIM FOR RELIEF**

### **(Nuisance)**

46.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

47.

Defendants' operation, maintenance, and staffing of a chemical wood treatment facility in Eugene, Oregon has caused, and continues to cause, the release of poisonous and carcinogenic chemicals and noxious odors into the surrounding community and the Class Area.

48.

As a direct and proximate result of releases from the Plant, including through both negligent and intentional vaporization and release of chemicals into the surrounding community, plaintiffs and class members have suffered substantial and unreasonable impacts including but not limited to irritation of their eyes, nose, and throat, as well as headaches and other discomfort so as to be unable to fully and safely use and enjoy their property.

49.

By intentionally "disposing" of untreated hazardous wastes by vaporizing them in the retorts and releasing them into the community, defendants have intentionally created an unreasonable risk of harm.

50.

In addition, by failing to adequately or reasonably construct, install, operate, staff, or maintain the Plant, defendants have created an unreasonable risk of harm. Such failures include, but are not limited to:

    a.   Inadequate control of emissions;

Page 13 – **CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

b. Inadequate staffing of the Plant;

c. Inadequate use of carbon filters, steam pots, knock-out pots, scrubbers, and other equipment to abate or control air releases from the Plant;

d. Failing to comply with stated permit requirements and conditions;

e. Inadequate venting from the five retorts; and

f. Inadequate handling of other liquid and vapor discharges from the Plant and related equipment.

51.

Plaintiffs and class members did not consent to the release of poisonous and carcinogenic chemicals and noxious odors.

52.

By intentionally and negligently causing the release of poisonous and carcinogenic chemicals and noxious odors, defendants have intentionally, maliciously, recklessly, willfully, wantonly, and with a conscious disregard for the rights and safety of the public created an invasion that has substantially and unreasonably interfered with plaintiffs' and class members' use and enjoyment of their property.  Such interferences include:

a. Loss of the ability to enjoy the outside areas of their property due to the noxious odors;

b. Irritation of the eyes, nose, and throat and headaches and other discomforts as a result of the invasion of poisonous and carcinogenic chemicals;

c. Loss of the ability to open windows, enjoy the fresh air, garden, socialize, or otherwise use and enjoy the outdoors; and

d. Additional annoyance and inconvenience, including but not limited to, being awakened in the night or being unable to sleep due to the noxious and offensive

Page 14 –CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL

odors, the discomfort and irritation of enduring the noxious odors, and the inability to have guests or to socialize due to the embarrassment, annoyance, and potential safety of the noxious odors that have invaded plaintiffs' and class members' properties.

53.

Defendants' substantial and unreasonable interference with plaintiffs' and class members' use and enjoyment of their property constitutes a nuisance for which Defendants are liable to plaintiffs and class members for all damages arising from such nuisance, including compensatory relief.

54.

The unreasonable interference with plaintiffs' and class members' use and enjoyment of their properties outweighs any social utility that defendants' actions and operations may have.

**SECOND CLAIM FOR RELIEF**

**(Trespass)**

55.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

56.

Defendants' operation, maintenance, and staffing of the Baxter Plant, including discharges into and onto the ground and intentional "disposal" of untreated hazardous wastes by vaporizing them and dispersing them into the community, has caused, and continues to cause, the release of poisonous and carcinogenic chemicals onto plaintiffs' and the class members' properties through air particles and/or groundwater.

57.

Defendants' conduct that resulted in the intrusion onto plaintiffs' and the class members' properties was knowing, intentional, and reckless.

58.

Plaintiffs and class members did not consent to the intrusion onto their properties.

59.

Defendants' conduct has caused damage to plaintiffs and the class members including but not limited to irritation of their eyes, nose, and throat, as well as headaches and other discomfort.

60.

Defendants' conduct constitutes a trespass for which Defendants are liable to plaintiffs and class members for all damages arising from such trespass, including compensatory relief.

## THIRD CLAIM FOR RELIEF

### (Negligence)

61.

Plaintiffs repeat and re-allege each and every allegation contained in the preceding paragraphs of this complaint as if set forth in full herein.

62.

Defendants negligently and improperly supervised, maintained, and/or operated the Plant in such a manner that proximately caused the release of poisonous and carcinogenic chemicals and noxious odors that permeated the Class Area, including between October 6 and November 25, 2019, when there were over 100 complaints about noxious odors and impacts from the Baxter Plant.

63.

Defendants' negligence directly and proximately resulted in unreasonable interference with plaintiffs' and class members' use and enjoyment of their property, deprivation of the ability to make full use of their property, and irritation and other discomforts.

64.

Defendants failed to exercise their duty of ordinary and reasonable care to the public, including plaintiffs and class members, in the staffing, management, oversight, maintenance, and operation of the Plant.

65.

These failures include but are not limited to:

    a.  Inadequate control of emissions;

    b.  Inadequate staffing of the Plant;

    c.  Inadequate use of carbon filters, steam pots, knock-out pots, scrubbers, and other equipment to abate or control air releases from the Plant;

    d.  Failing to comply with stated permit requirements and conditions;

    e.  Inadequate treatment of hazardous wastes, some of which were intentionally vaporized and released into the community;

    f.  Inadequate venting from the five retorts; and

    g.  Inadequate handling of other liquid and vapor discharges from the Plant and related equipment.

66.

As a direct and proximate result of defendants' collective failure to exercise ordinary and reasonable care, plaintiffs and class members suffered damages.

Page 17 – **CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

**ADDITIONAL CLAMS**

67.

Because defendants' conduct in knowingly creating conditions, maintaining conditions, and allowing conditions to exist that caused carcinogenic and poisonous chemicals and noxious odors to invade the Class Area was malicious and made with a conscious disregard for the rights, health, and safety of plaintiffs and the class members, plaintiffs and class members will move to amend the complaint to add a claim for punitive damages at a later date.

68.

Plaintiffs hereby demand a jury trial.

**PRAYER**

69.

WHEREFORE, plaintiffs pray for judgment against defendants, and each of them, as follows:

1.    Prejudgment interest pursuant to ORS 82.010(1)(a);

2.    Certification of the proposed class pursuant to ORCP 32;

3.    An order designating plaintiffs as representatives of the proposed class and designation of the undersigned counsel as class counsel;

4.    Judgment in favor of plaintiffs and class members against defendants;

5.    Property damages of $75,000 for each class member owning a home in the Class Area in an amount to be proven at trial;

6.    Testing and remediation damages of $100,000 for each class member owning a home in the Class Area in an amount to be proven at trial;

7.    Nuisance damages of $15,000 for each class member in an amount to be proven at trial;

Page 18 –**CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

8.      An order determining the impacts from defendants' activities constituted a nuisance;

9.      An order determining the impacts from defendants' activities constituted a trespass;

10.     Permanent injunctive relief requiring that defendants properly staff, maintain, equip, and control operations and the Plant; and

11.     Such further relief as deemed just and proper by this Court.

DATED: May 7, 2021.

JOHNSON JOHNSON LUCAS & MIDDLETON, P.C.

s/ Derek C. Johnson
Derek C. Johnson, OSB #882340
djohnson@justicelawyers.com
Leslie W. O'Leary, OSB 990908
loleary@justicelawyers.com
975 Oak St., Suite 1050
Eugene, OR 97401-3124
Telephone: (541) 484-2434
Facsimile: (541) 484-0882

Christopher T Nidel
     (*Pro Hac Vice* Application Forthcoming)
chris@nidellaw.com
Jonathan Nace
     (*Pro Hac Vice* Application Forthcoming)
jonathan@nidellaw.com
NIDEL & NACE, PLLC
2201 Wisconsin Ave., NW
Suite 200
Washington, DC 20007
Telephone: (202)780-5153

Christopher Gadoury
     (*Pro Hac Vice* Application Forthcoming)
Chris.Gadoury@lanierlawfirm.com
The Lanier Law Firm PC
10940 W. Sam Houston Pkwy N, Suite 100
Houston, Texas 77064
(713) 659-5200

Jonathan Weissglass
     (*Pro Hac Vice* Application Forthcoming)
jonathan@weissglass.com

**Law Office of Jonathan Weissglass**
1939 Harrison Street, Suite 150-B
Oakland, CA 94612
Telephone: (510) 836-4200

Attorneys for Plaintiffs

Page 20 – **CLASS ACTION COMPLAINT and DEMAND FOR JURY TRIAL**

5/21/2021 1:13 PM
21CV19874

# RETURN OF SERVICE

State of Oregon                    County of LANE                    CIRCUIT Court

Case Number: 21CV19874

Plaintiff:
**TIFFANY BELL-ALANIS, SHARON MATTHEWS, ERIN NEEL, and SARAH PEDERSEN**

vs.

Defendant:
**J. H. BAXTER & CO., a California Limited Partnership, and J. H. BAXTER & CO., INC., a California Corporation, and JEANNE OLSON**

Received by PREFERRED PROCESS SERVERS, LLC. on the 18th day of May, 2021 at 12:07 pm to be served on **J. H. BAXTER & CO., c/o CT CORPORATION SYSTEM, Registered Agent, 780 COMMERCIAL STREET, SUITE 100, SALEM, OR 97301**.

I, Karlene Gander, do hereby affirm that on the **18th day of May, 2021** at **2:50 pm, I:**

Served  **J. H. BAXTER & CO., c/o CT CORPORATION SYSTEM, Registered Agent** pursuant to ORCP 7D(3)(b)(i) by delivering a true copy of the **Summons and Class Action Complaint and  Demand for Jury Trial; Plaintiff's First Request for Production of Documents to All Defendants** to **MR. RYLYNN POOLE, SERVICE OF PROCESS TECHNICIAN**, person in charge of the office who is authorized to accept service at **780 COMMERCIAL STREET, SUITE 100, SALEM, OR 97301**.

I certify that I was and now am a competent person, over the age of 18 years, and a resident of the State of Oregon or the state of service.  I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise and I know that the person, firm or corporation served is the identical one named in the action.

I also certify that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

**Karlene Gander**
Process Server

**PREFERRED PROCESS SERVERS, LLC.**
**167 High Street S.E.**
**P.O. Box 846**
**Salem, OR 97308-0846**
**(503) 990-6637**

Our Job Serial Number: PAT-2021000725

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c



# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF LANE

**TIFFANY BELL-ALANIS, SHARON MATTHEWS, ERIN NEEL, and SARAH PEDERSEN**,

Case No. 21CV19874

Plaintiffs,

**SUMMONS**

v.

**J. H. BAXTER & CO, a California Limited Partnership, and J.H. BAXTER & CO, INC., a California Corporation, and JEANNE OLSON**,

Defendants.

To:    **J. H. BAXTER & CO.**
C T Corporation System
780 Commercial Street, Suite 100
Salem, Oregon 97301

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.



SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Leslie W. O'Leary, OSB No. 990908

ATTORNEY'S/AUTHOR'S NAME (TYPED/PRINTED) BAR NO. (if any)

975 Oak St., Suite 1050

Address

|        |       | (541)484- |
|--------|-------|-----------|
| Eugene | OR    | 97401     | 2434 |
| City   | State | Zip       | Phone |

### NOTICE TO THE DEFENDANT.
### READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically.  To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately.  If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

Derek C. Johnson, OSB No. 882340

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED) BAR NO.

---------------------

STATE OF OREGON, County of Lane

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY OF RECORD FOR PLAINTIFF(S)

---------------------

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY OF RECORD FOR PLAINTIFF(S)

5/21/2021 1:13 PM
21CV19874

## AFFIDAVIT OF SERVICE

**State of Oregon**                                    **County of Lane**                                    **Circuit Court**

Case Number: 21CV19874

Plaintiff:
**TIFFANY BELL-ALANIS; SHARON MATTHEWS; ERIN NEEL; and
SARAH PEDERSEN**

vs.

Defendant:
**J. H. BAXTER & CO, A CALIFORNIA LIMITED PARTNERSHIP; AND J.H.
BAXTER & CO, INC, A CALIFORNIA CORPORATION; AND JEANNE
OLSON**

For:
Johnson Johnson Lucas & Middleton, PC
975 Oak St, Ste 1050
Eugene, OR 97401

Received by Emerald City Legal Support Service, Inc. to be served on **JEANNE OLSON, 35568 BUENA
VISTA RD, CRESWELL, OR 97426.**

I, Mark Smith, being duly sworn, depose and say that on the **17th day of May, 2021** at **5:27 pm, I:**

**SUBSTITUTE** served by delivering a true copy of the **SUMMONS; SUMMONS; COMPLAINT;
PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** to **KELSEY OLSON** as **CO-
OCCUPANT / DAUGHTER,** who is fourteen (14) years of age or older. I informed said person of the
contents therein, in compliance with state statutes. Said service was effected at: **35568 BUENA VISTA
RD, CRESWELL, OR 97426,** the within named person's usual place of abode.

Proof of Mailing: I, Mark Smith, do hereby certify that on 5/18/2021 I did cause to be MAILED a copy of
the SUMMONS; SUMMONS; COMPLAINT; PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS, with this statement of the date, time, place and person to which SUBSTITUTE SERVICE
was made, to the above address, in a first class, postage paid, sealed envelope to JEANNE OLSON. If
mailed by other than the server: _____

I certify that I am a competent person, over the age of 18, a resident of the State of Oregon, not a party or
an officer, director, or employee of, nor an attorney for any party, corporate or otherwise.

State of Oregon
County of Lane

Subscribed and Sworn to before me on the 18th day
of May, 2021

_____
NOTARY PUBLIC

**Mark Smith**
Process Server

**Emerald City Legal Support Service, Inc.**
**1358 Oak St., Suite 2**
**Eugene, OR 97401**
**(541) 653-9497**

Our Job Serial Number: EME-2021001941



OFFICIAL STAMP
KORRINDA ELIZABETH TAYLOR
NOTARY PUBLIC-OREGON
COMMISSION NO. 979147
MY COMMISSION EXPIRES SEPTEMBER 13, 2022

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1x



**EXHIBIT A**
**Page 23 of 26**

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF LANE

**TIFFANY BELL-ALANIS, SHARON MATTHEWS, ERIN NEEL, and SARAH PEDERSEN**,

Plaintiffs,

v.

**J. H. BAXTER & CO, a California Limited Partnership, and J.H. BAXTER & CO, INC., a California Corporation, and JEANNE OLSON**,

Defendants.

Case No. 21CV19874

**SUMMONS**

To:  **JEANNE OLSON**
35568 Buena Vista Rd.
Creswell, OR 97426-9434

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.

**NOTICE TO THE DEFENDANT.**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

Leslie W. O'Leary, OSB No. 990908
ATTORNEY'S/AUTHOR'S NAME (TYPED/PRINTED) BAR NO. (if any)

975 Oak St., Suite 1050
Address

| Eugene | OR | 97401 | (541)484-2434 |
| City | State | Zip | Phone |

Derek C. Johnson, OSB No. 882340
TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED) BAR NO.

---------------------

STATE OF OREGON, County of Lane

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY OF RECORD FOR PLAINTIFF(S)

---------------------

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY OF RECORD FOR PLAINTIFF(S)

## RETURN OF SERVICE

State of Oregon                          County of LANE                          CIRCUIT Court

Case Number: 21CV19874

Plaintiff:
**TIFFANY BELL-ALANIS, SHARON MATTHEWS, ERIN NEEL, and SARAH
PEDERSEN**

vs.

Defendant:
**J. H. BAXTER & CO., a California Limited Partnership, and J. H. BAXTER & CO.,
INC., a California Corporation, and JEANNE OLSON**

Received by PREFERRED PROCESS SERVERS, LLC. on the 18th day of May, 2021 at 12:07 pm to be served on **J. H.
BAXTER & CO., INC., c/o CT CORPORATION SYSTEM, Registered Agent, 780 COMMERCIAL STREET, SUITE 100,
SALEM, OR 97301.**

I, Karlene Gander, do hereby affirm that on the **18th day of May, 2021** at **2:50 pm, I:**

Served **J. H. BAXTER & CO., INC., c/o CT CORPORATION SYSTEM, Registered Agent** pursuant to ORCP 7D(3)(b)(i) by
delivering a true copy of the **Summons and Class Action Complaint and Demand for Jury Trial; Plaintiff's First
Request for Production of Documents to All Defendants** to **MR. RYLYNN POOLE, SERVICE OF PROCESS
TECHNICIAN,** person in charge of the office who is authorized to accept service at **780 COMMERCIAL STREET, SUITE
100, SALEM, OR 97301.**

I certify that I was and now am a competent person, over the age of 18 years, and a resident of the State of Oregon or the
state of service. I am not a party to nor an officer, director or employee of, nor attorney for any party, corporate or otherwise
and I know that the person, firm or corporation served is the identical one named in the action.

I also certify that the above statement is true to the best of my knowledge and belief, and that I understand it is made for
use as evidence in court and is subject to penalty for perjury.

**Karlene Gander**
Process Server

**PREFERRED PROCESS SERVERS, LLC.
167 High Street S.E.
P.O. Box 846
Salem, OR 97308-0846
(503) 990-6637**

Our Job Serial Number: PAT-2021000724

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1c



**EXHIBIT A
Page 25 of 26**

# IN THE CIRCUIT COURT OF THE STATE OF OREGON

## FOR THE COUNTY OF LANE

**TIFFANY BELL-ALANIS, SHARON MATTHEWS, ERIN NEEL, and SARAH PEDERSEN**,

Case No. 21CV19874

Plaintiffs,

**SUMMONS**

v.

**J. H. BAXTER & CO, a California Limited Partnership, and J.H. BAXTER & CO, INC., a California Corporation, and JEANNE OLSON**,

Defendants.

To:  **J. H. BAXTER & CO., INC.**
C T Corporation System
780 Commercial Street, Suite 100
Salem, Oregon 97301

You are hereby required to appear and defend the complaint filed against you in the above entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply to the court for the relief demanded in the complaint.



SIGNATURE OF ATTORNEY/AUTHOR FOR PLAINTIFF

**NOTICE TO THE DEFENDANT.**
**READ THESE PAPERS CAREFULLY!**

You must "appear" in this case or the other side will win automatically.  To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee.  It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

If you have any questions, you should see an attorney immediately.  If you need help in finding an attorney, you may contact the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

Leslie W. O'Leary, OSB No. 990908

ATTORNEY'S/AUTHOR'S NAME (TYPED/PRINTED) BAR NO. (if any)

975 Oak St., Suite 1050

Address

| | | | (541)484- |
| Eugene | OR | 97401 | 2434 |
| City | State | Zip | Phone |

Derek C. Johnson, OSB No. 882340

TRIAL ATTORNEY IF OTHER THAN ABOVE (TYPED OR PRINTED) BAR NO.

--------------------

STATE OF OREGON, County of Lane

I, the undersigned attorney of record for the plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above entitled action.

ATTORNEY OF RECORD FOR PLAINTIFF(S)

--------------------

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof or upon a separate similar document which you shall attach hereto.

ATTORNEY OF RECORD FOR PLAINTIFF(S)