Per A. Ramfjord, OSB No. 934024
per.ramfjord@stoel.com
Brad S. Daniels, OSB No. 025178
brad.daniels@stoel.com
Crystal S. Chase, OSB No. 093104
crystal.chase@stoel.com
Tyler J. Killeen, OSB No. 165136
tyler.killeen@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone: 503.224.3380
Facsimile:  503.220.2480

*Attorneys for Defendants J.H. Baxter & Co.,
  J.H. Baxter & Co., Inc., and Jeanne Olson*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TIFFANY BELL-ALANIS; SHARON MATTHEWS; ERIN NEEL; and SARAH PEDERSEN, | Case No.: 6:21-cv-00885-MK |
| Plaintiffs, | DEFENDANTS' ANSWER TO COMPLAINT |
| v. | |
| J.H. BAXTER & CO., a California limited partnership; J.H. BAXTER & CO, INC., a California corporation; and JEANNE OLSON, | |
| Defendants. | |

Page 1    -    DEFENDANTS' ANSWER TO COMPLAINT

Defendants J.H. Baxter & Co., a California limited partnership, J.H. Baxter & Co., Inc., and Jeanne Olson (collectively, "Defendants"), by and through their undersigned counsel, hereby answer and respond to the Complaint filed by Plaintiffs Tiffany Bell-Alanis, Sharon Matthews, Erin Neel, and Sarah Pedersen (collectively, "Plaintiffs") as follows:

## INTRODUCTION

1.      Defendants state that the allegations contained in Paragraph 1 constitute a purported description of this action, to which no response is required.  To the extent a response may be required, Defendants admit that Plaintiffs purport to bring claims on behalf of themselves and a class.  Defendants deny the validity of Plaintiffs' claims and further deny that this action can be properly maintained as a class action.

## PARTIES

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore deny them.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore deny them.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and therefore deny them.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and therefore deny them.

6.      Paragraph 6 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 6 and therefore deny them.

7.    Defendants admit that J.H. Baxter & Co. is a California limited partnership, its sole general partner is a citizen of California, and its limited partners are citizens of California, Washington, and Florida.  Defendants further admit that J.H. Baxter & Co. is registered to do business in Oregon and that its registered agent is C T Corporation, whose address is 780 Commercial Street, Suite 100, Salem, Oregon 97301.  The remaining allegations contained in Paragraph 7 set forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations contained in Paragraph 7.

8.    Defendants admit the allegations contained in Paragraph 8.

9.    In response to Paragraph 9, Defendants state that the first sentence of Paragraph 9 merely defines a term and does not include any factual allegations.  Accordingly, no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to define the term "Baxter."  In response to the remaining allegations contained in Paragraph 9, Defendants admit that J.H. Baxter & Co., Inc. operates a wood preserving business at 3494 Roosevelt Boulevard in Eugene, Oregon (the "Facility").  Defendants deny Plaintiffs' remaining allegations contained in Paragraph 9.

10.    In response to Paragraph 10, Defendants admit that Jeanne Olson is a citizen of Oregon, resided in Lane County at all relevant times, and was formerly a plant manager at the Facility.  Defendants deny the remaining allegations contained in Paragraph 10.

## JURISDICTION AND VENUE

11.    Paragraph 11 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that jurisdiction is proper in this Court.

12.    Paragraph 12 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that venue is proper in this Court.

Page 3    -    DEFENDANTS' ANSWER TO COMPLAINT

## FACTUAL ALLEGATIONS

13.    In response to Paragraph 13, Defendants admit that J.H. Baxter & Co., Inc. operates a wood preserving business at the Facility.  Defendants further admit that the operation of the wood preserving business involves the use of retorts, including, without limitation, Retort #81, #82, #83, #84, and #85.  Defendants deny the remaining allegations contained in Paragraph 13.

14.    Defendants deny the allegations contained in Paragraph 14.

15.    Defendants deny the allegations contained in Paragraph 15.

16.    Defendants deny the allegations contained in Paragraph 16.

17.    Defendants deny the allegations contained in Paragraph 17.

18.    Defendants deny the allegations contained in Paragraph 18.  To the extent that paragraph 18 quotes from a report by the Oregon Department of Environmental Quality ("DEQ"), the contents of that report speak for themselves and do not require a response. Defendants deny Plaintiffs' characterization, summary, interpretation, and phrasing of any such statements, information, or data as argumentative, inaccurate, and incomplete.

19.    Defendants deny the allegations contained in Paragraph 19.

20.    Defendants deny the allegations contained in Paragraph 20.  Defendants further state that any statements, reports, information, or data released by the Oregon Department of Environmental Quality speak for themselves.  Defendants deny Plaintiffs' characterization, summary, interpretation, and phrasing of any such statements, information, or data as argumentative, inaccurate, and incomplete.

21.     Defendants deny the allegations in the first sentence of Paragraph 21. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 21 and therefore deny them.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore deny them.  To the extent Plaintiffs are summarizing, characterizing, interpreting, or paraphrasing information made available by the Lane Regional Air Protection Agency ("LRAPA"), Defendants deny Plaintiffs' characterization, summary, interpretation, and paraphrasing of any such statements, information, or data as argumentative, inaccurate, and incomplete.  Defendants further deny that the map included in Paragraph 22 is an accurate representation of data published by LRAPA.

23.     Paragraph 23 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants admits that LRAPA has issued to J.H. Baxter & Co. Standard Air Contaminant Discharge Permit ("ACDP") No. 200502, and that the terms of Permit No. 200502 speak for themselves.  Defendants deny all remaining allegations contained in Paragraph 23.

## CLASS ALLEGATIONS

24.     Paragraph 24 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action and seek certification of a class pursuant to Oregon Rule of Civil Procedure ("ORCP") 32.  Defendants deny the validity of Plaintiffs' claims, deny that Plaintiffs are appropriate class representatives for the purported class, deny that ORCP 32 is applicable to this matter, and deny that this matter should proceed as a class action under applicable law. Defendants deny all remaining allegations contained in Paragraph 24.

25.     Defendants admit that Plaintiffs purport to define the "Class" and the "Class Area." Defendants deny that Plaintiffs' proposed "Class" or "Class Area" is appropriate. Defendants further deny that any certifiable class exists and deny that this matter should proceed as a class action under applicable law. Defendants deny all remaining allegations contained in Paragraph 25.

26.     Defendants admit that Plaintiffs purport to provide a map of the "Class Area." Defendants deny that the map provided in Paragraph 26 is an accurate representation of the purported "Class Area." Defendants further deny that Plaintiffs' proposed "Class Area" is appropriate. Defendants further deny that any certifiable class exists and deny that this matter should proceed as a class action under applicable law. Defendants deny all remaining allegations contained in Paragraph 26.

27.     Defendants deny that any certifiable class exists and deny that amendment of the purported Class Area will make this matter appropriate for class treatment. Defendants deny all remaining allegations contained in Paragraph 27.

28.     Defendants deny that any certifiable class exists and deny that any additional classes and/or subclasses will make this matter appropriate for class treatment. Defendants deny all remaining allegations contained in Paragraph 28.

29.     Defendants deny that any certifiable class exists and deny all remaining allegations contained in Paragraph 29.

30.     In response to Paragraph 30, Defendants deny that ORCP 32 (A) and (B) apply to this matter and deny that this action is maintainable as a class action under ORCP 32 (A) and (B) or applicable law.

31.      Paragraph 31 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 31, including, without limitation, that Plaintiffs can meet the numerosity requirements under applicable law.

32.      Paragraph 32 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.  Defendants further deny that any certifiable class exists and deny that Plaintiffs can properly maintain this action as a class action under applicable law.

33.      Paragraph 31 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 33, including, without limitation, that Plaintiffs can meet the commonality requirements under applicable law.

34.      Paragraph 34 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 34, including, without limitation, that Plaintiffs can meet the typicality requirements under applicable law.

35.      Paragraph 35 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 35, including, without limitation, that Plaintiffs can meet the adequacy requirements under applicable law.

36.      Paragraph 36 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 36,

including, without limitation, that a class action is superior to other available methods for the fair and efficient adjudication of this case and deny that Plaintiffs can properly maintain this action as a class action under applicable law.

37.     Paragraph 37 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 37, including, without limitation, that Plaintiffs can meet the superiority requirements for class certification under applicable law.

38.      Paragraph 38 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 38, including, without limitation, that injunctive relief sought on behalf of the purported class is appropriate under applicable law.

39.     Paragraph 39 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 39, including, without limitation, subparts a. through e., and further deny, without limitation, that that common questions of law and fact are common to the purported class and predominate over questions affecting individual putative class members.

40.     Paragraph 40 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 40.

41.     Defendants deny the allegations contained in Paragraph 41.

42.     Paragraph 42 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 42, including, without limitation, that Plaintiffs can properly maintain this action, or any particular claims or issues in this action, as a class action under applicable law.

Page 8    -    DEFENDANTS' ANSWER TO COMPLAINT

43.    Paragraph 43 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 43, including, without limitation, that any certifiable class exists, that Plaintiffs can properly maintain this action as a class action under applicable law.

44.    Defendants deny the allegations contained in Paragraph 44.

45.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and therefore deny them.

## FIRST CLAIM FOR RELIEF

### (Nuisance)

46.    Defendants incorporate and reallege herein their responses to Paragraphs 1 through 46.

47.    Defendants deny the allegations contained in Paragraph 47.

48.    Defendants deny the allegations contained in Paragraph 48.

49.    Defendants deny the allegations contained in Paragraph 49.

50.    Defendants deny the allegations contained in Paragraph 50, including, without limitation, the allegations contained in subparts a. through f.

51.    Defendants deny the allegations contained in 51.

52.    Defendants deny the allegations contained in Paragraph 52, including, without limitation, the allegations contained in subparts a. through d.

53.    Defendants deny the allegations contained in Paragraph 53.

54.    Defendants deny the allegations contained in Paragraph 54.

## SECOND CLAIM FOR RELIEF

### (Trespass)

55.    Defendants incorporate and reallege herein their responses to Paragraphs 1 through 54.

56.    Defendants deny the allegations contained in Paragraph 56.

57.    Defendants deny the allegations contained in Paragraph 57.

58.    Defendants deny the allegations contained in Paragraph 58.

59.    Defendants deny the allegations contained in Paragraph 59.

60.    Defendants deny the allegations contained in Paragraph 60.

## THIRD CLAIM FOR RELIEF

### (Negligence)

61.    Defendants incorporate and reallege herein their responses to Paragraphs 1 through 60.

62.    Defendants deny the allegations contained in Paragraph 62.

63.    Defendants deny the allegations contained in Paragraph 63.

64.    Defendants deny the allegations contained in Paragraph 64.

65.    Defendants deny the allegations contained in Paragraph 65, including subparts a. through g.

66.    Defendants deny the allegations contained in Paragraph 66.

## ADDITIONAL CLAIMS

67.    Defendants deny the allegations contained in Paragraph 67.

68.    Paragraph 68 sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 68.

Page 10   -    DEFENDANTS' ANSWER TO COMPLAINT

## PRAYER FOR RELIEF

The remaining allegations contained in the Complaint constitute a prayer for relief to which no responsive pleading is required.  To the extent a response is required, Defendants deny that Plaintiffs or any purported class members suffered damages or other harm or are due any relief whatsoever under any legal theory.

## AFFIRMATIVE DEFENSES

Defendants allege the following as separate affirmative defenses to the individual, representative, and putative class claims, without assuming the burden of proof where such burden is otherwise on the Plaintiffs under applicable law.  Defendants reserve the right to add additional affirmative defenses should they become aware of such during the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

Plaintiffs' and putative class members' claims fail to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Came to the Nuisance)**

Plaintiffs' and putative class members' nuisance claim fails because Plaintiffs and the putative class members of the purported class came to the nuisance.

Page 11   -   DEFENDANTS' ANSWER TO COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE

### (De Minimus)

Plaintiffs' and putative class members' trespass claims are, in whole or in part, *de minimus*.

## FIFTH AFFIRMATIVE DEFENSE

### (Good Faith; Not Willful)

Defendants at all times acted in good faith and with reasonable grounds for believing that it had not violated Oregon or federal law.  Any alleged damages, including punitive damages, are inappropriate or barred because Defendants made good-faith efforts to comply with applicable law.  Any alleged violations were not willful.

## SIXTH AFFIRMATIVE DEFENSE

### (No Class or Collective Action)

Plaintiffs' and putative class members' claims cannot and should not be maintained as a class action under ORCP 32, FRCP 23, or any other applicable law because those claims fail to meet the necessary requirements for class certification, including, without limitation, class ascertainability, typicality, commonality, numerosity, manageability, superiority, adequacy of the class representative, and lack of a community of interest among the putative class.  By filing this Answer, Defendants do not waive, and expressly reserves, their right to oppose the pending motion for class certification.

## SEVENTH AFFIRMATIVE DEFENSE

### (Due Process)

Plaintiffs' and putative class members' attempt to recover claims are barred, in whole or in part, to the extent that certification of this action as a class action would violate Defendants'

right to separate trials and/or to assert separate defenses for each claim by each putative class

member.  Plaintiffs' and putative class members' claims are further barred, in whole or in part, to

the extent they seek to deprive Defendants of procedural and substantive safeguards, including,

without limitation, traditional defenses to liability, in violation of the due process rights under the

United States and Oregon Constitutions.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Primary Jurisdiction)**

Plaintiffs' claims should be dismissed or stayed pursuant to the primary jurisdiction

doctrine.

**NINTH AFFIRMATIVE DEFENSE**

**(Preclusion)**

Plaintiffs' claims are precluded, in whole or in part, including by the implementation of

the Record of Decision issued by DEQ on or about October 21, 2019 for the Facility.

**TENTH AFFIRMATIVE DEFENSE**

**(Standing)**

Plaintiffs lack standing to assert a claim for public nuisance.

**ADDITIONAL DEFENSES**

Defendants reserve their right to amend their Answer to state additional affirmative and

other defenses, and to add such counterclaims as may become available after reasonable

opportunity for discovery.

WHEREFORE, having fully answered the Complaint, Defendants pray as follows:

1.      That this Court deny Plaintiffs' request to certify this case as a class action;

2.      That Plaintiffs' Complaint be dismissed with prejudice;

Page 13  -    DEFENDANTS' ANSWER TO COMPLAINT

3.      That Plaintiffs and the putative class take nothing by way of relief requested in the

Complaint;

4.      That Defendants be awarded their costs and reasonable attorneys' fees in

defending this action as may be authorized by applicable law; and

5.      That the Court award such other and further relief to Defendants as may be just

and equitable under the circumstances.


        DATED:  December 22, 2021.

                                            STOEL RIVES LLP


                                            *s/ Crystal S. Chase*
                                            PER A. RAMFJORD, OSB No. 934024
                                            per.ramfjord@stoel.com
                                            BRAD S. DANIELS, OSB No. 025178
                                            brad.daniels@stoel.com
                                            CRYSTAL S. CHASE, OSB No. 093104
                                            crystal.chase@stoel.com
                                            TYLER J. KILLEEN, OSB No. 165136
                                            tyler.killeen@stoel.com

                                            *Attorneys for Defendants J.H. Baxter & Co.,*
                                            *J.H. Baxter & Co, Inc., and Jeanne Olson*

113400071.2 0075339- 00002