IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| TIFFANY BELL-ALANIS; SHARON MATTHEWS; ERIN NEEL; and SARAH PEDERSEN,<br><br>Plaintiffs,<br><br>v.<br><br>J.H. BAXTER & CO, a California limited partnership; J.H. BAXTER & CO, INC., a California corporation; and JEANNE OLSON,<br><br>Defendants. | Case No. 6:21 cv 00885-MK<br><br>**ORDER** |

On March 21, 2024, Magistrate Judge Mustafa Kasubhai issued an Opinion & Order, ECF No. 69, denying Defendants' Motion to Stay Discovery and for a Protective Order, ECF No. 60. On April 4, 2024, Defendants filed objections to the Opinion and Order, which were referred to this Court. ECF Nos. 70, 71.

As a preliminary matter, the Court must determine whether the denial of the motion to stay is a dispositive motion for purposes of determining the appropriate standard of review. The Ninth Circuit has held that "where the denial of a motion to

stay is effectively a denial of the ultimate relief sought, such a motion is considered dispositive," but that when the resolution of a motion to stay does not dispose of any claims or defenses and does not deny the party seeking the stay and ultimate relief, the motion is not dispositive. *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013). Here, the stay sought is in connection with an ostensibly forthcoming indictment of a non-party to this case, Georgia Baxter-Krause. Judge Kasubhai noted that the movant Defendants, as corporate entities, do not possess a Fifth Amendment right. *See Braswell v. United States*, 487 U.S. 99, 102 (9th Cir. 1988). Additionally, Defendants represent in their objections that they "will not and cannot mount a defense in this case," and suggest that Plaintiffs should seek a judgment through the presentation of a prima facie case. Objections, at 10. If Defendants do not intend to mount *any* defense in this case, then the denial of the requested stay does not dispose of their defenses. Nor does it dispose of any claims or deny ultimate relief to the party seeking the stay. Finally, Judge Kasubhai raised the question whether Defendants even have standing to seek a stay in connection with Ms. Baxter-Krause's potential indictment, which Defendants do not address in their Objections, although they continue to assert that they are seeking to protect Ms. Baxter-Krause's constitutional rights. Objections, at 12-13.

    The Court concludes that this is a non-dispositive motion. In accordance with Federal Rule of Civil Procedure 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the

magistrate judgment must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The standard for review for a non-dispositive order with objections is "clearly erroneous" or "contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A) (applying the "clearly erroneous or contrary to law" standard of review for non-dispositive motions). If a ruling on a motion is not determinative of a party's claim or defense, it is not dispositive and, therefore, is not subject to *de novo* review as are proposed findings and recommendations for dispositive motions under 28 U.S.C. § 636(b)(1)(B). However, in this case, even applying the more rigorous de novo review that would accompany objections to a recommendation on a dispositive motion, the Court would reach the same conclusion.

The Court has reviewed the Opinion & Order, the Objections, and record and finds no error. Defendants' Objections, ECF No. 70, are overruled and the Court declines to disturb Judge Kasubhai's ruling.

Order and Dated the 3rd day of July, 2024.

                                            **/s/Ann Aiken**

                                            Ann Aiken

                                            United States District Judge