IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

TIFFANY BELL-ALANIS; SHARON
MATTHEWS; ERIN NEEL; SARAH
PEDERSEN,

Civ. No. 6:21-cv-00885-AA

              Plaintiffs,

**OPINION & ORDER**

      v.

J.H. BAXTER & CO; J.H. BAXTER &
CO, INC.; JEANNE OLSON,

            Defendants.

_____

AIKEN, District Judge.

      This case comes before the Court on a consent motion filed by Plaintiffs seeking to decertify the class in this case. ECF No. 98. Defendants do not oppose the motion.

      This case concerns Plaintiffs' allegation that there was a release of poisonous and carcinogenic chemicals and noxious odors into the environment from a manufacturing facility located on Roosevelt Blvd. in Eugene, Oregon. Plaintiffs alleged that the releases at issue interfered with the ability of residents to use and enjoy their properties and have diminished the value of those properties.

      On March 14, 2023, Judge Kasubhai[1] recommended that Plaintiffs' Motion for Class Certification be granted. ECF No. 47. On March 30, 2023, the Court adopted

_____

[1] Judge Kasubhai has since been confirmed as a United States District Judge for the District of Oregon.

the recommendation. ECF No. 49. The following class was certified: "Any and all persons who, from the period starting two years before the complaint is filed to the present, resided in the Class Area," which was depicted in a map. ECF No. 47, at 11-12.

Since the certification of the class, Plaintiffs have engaged in considerable discovery and determined that Defendants are no longer viable as commercial entities and that Defendants no longer have the ability to reasonably compensate the class.

The Baxter companies have ceased operations as of January 2022. The sole remaining employee of the Baxter companies is Georgia Baxter-Krause, the President and sole officer of Baxter. In February 2023, Baxter-Krause learned that she was the target of a federal criminal investigation concerning Baxter's Eugene facility.

In April 2025, a court sentenced Defendants J.H. Baxter & Co., Inc. and J.H. Baxter & Co. to pay $1.5 million in criminal fines and Baxter-Krause pleaded guilty to criminal offenses and was sentenced to a period of incarceration. The Baxter facility in Eugene is no longer operational.

Following financial discovery, Plaintiffs learned that the Baxter companies are no longer solvent and therefore unable "to pay a reasonable sum to Plaintiffs and the class members," and Baxter-Krause does not have sufficient funds to compensate the class and, in any event, Plaintiffs do not expect that they would be able to collect against Baxter-Krause personally. Pl. Mot. at 5.

The parties have agreed to a settlement in the form of a Consent Judgment for $200,000, which could be "used to compensate counsel for outstanding reimbursable

expenses, and a nominal payment for individual Plaintiffs." Pl. Mot. at 5. However, Plaintiffs affirm that "there is no real expectation that the to be entered Consent Judgment will ever be collected upon." *Id.*

"Because of the insolvency of Defendants which has been confirmed by discovery, and due to the shuttering pf the Facility at issue, Plaintiffs have determined that decertification is the most fair and appropriate action at this time." Pl. Mot. at 5.

A district court's order granting class certification is subject to later modification, including class decertification. Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). "[A] district court retains flexibility to address problems with a certified class as they arise, including the ability to decertify," and "'[e]ven after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation.'" *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Industrial & Service Workers Int'l Union v. ConocoPhillips Co.*, 593 F.3d 802, 809 (9th Cir. 2010) (quoting *General Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *see also Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) ("A district court may decertify a class at any time."). A district court's decision to decertify a class is committed to its sound discretion. *Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807, 816 (9th Cir. 1997).

"The standard is the same for class decertification as it is with class certification: a district court must be satisfied that the requirements of Rules 23(a)

and (b) are met to allow plaintiffs to maintain the action on a representative basis." *Arredondo v. Delano Farms Co.*, 301 F.R.D. 493, 502 (E.D. Cal. 2014).

In this case, Plaintiffs seek to decertify on the basis that (1) class certification is no longer the superior means of adjudication given the insolvency of Defendants and the unlikelihood that compensation for class members is possible; and (2) "the Named Plaintiffs have determined in good faith that class certification is no longer beneficial for that reason, which raises adequacy questions." Pl. Mot. at 7.

With respect to the first issue, Plaintiffs assert that, in light of Defendants' insolvency, it would be better "to refrain from obtaining a 'paper judgment' for all class members, and instead, preferable to prevent the effect of either release or *res judicata* against all class members," because "[w]ith decertification, no absent class members will be barred from pursuing a claim they believe to be meritorious and they can seek compensation for that, to the extent it can be collected." Pl. Mot. 7.

In addition, Plaintiffs assert that Defendants' insolvency may force them "to accept terms of a settlement or judgment that compensate the class members essentially nothing," and "[i]n frankness, Plaintiffs and Plaintiffs' counsel do not want to obtain a class settlement that pays them as individuals and class counsel but has no real relief for the class." Pl. Mot. 7-8. However, as noted, Plaintiffs acknowledge that monetary relief of any kind is effectively impossible for anyone, including the Named Plaintiffs and class counsel.

The Court is persuaded that decertification is appropriate at this time and will therefore GRANT Plaintiffs' Motion, ECF No. 98, and the previously certified class is decertified.  The previous orders certifying the class, ECF Nos. 47, 49, are VACATED.

It is so ORDERED and DATED this ____29th____ day of January 2026.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge